| | |
|---|---|
| 1 | Laura Kabler Oswell (State Bar No. 241281) |
| | SULLIVAN & CROMWELL LLP |
| 2 | 1870 Embarcadero Road |
| | Palo Alto, CA 94303 |
| 3 | Telephone: (650) 461-5600 |
| | Facsimile: (650) 461-5700 |
| 4 | |
| | Garrard R. Beeney (*pro hac vice*) |
| 5 | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| 6 | New York, New York 10004 |
| | Telephone: (212) 558-4000 |
| 7 | Facsimile: (212) 558-3588 |
| 8 | *Attorneys for Plaintiff* |
| 9 | Jon L. Rewinski (State Bar No. 116124) |
| | LOCKE LORD LLP |
| 10 | 300 South Grand Avenue, Suite 2600 |
| | Los Angeles, CA 90071 |
| 11 | Telephone: (213) 485-1500 |
| | Facsimile: (213) 485-1200 |
| 12 | |
| | Bryan Harrison (*pro hac vice*) |
| 13 | LOCKE LORD LLP |
| | Terminus 200, Suite 1200 |
| 14 | 3333 Piedmont Road, N.E. |
| | Atlanta, Georgia 30305 |
| 15 | Telephone: (404) 870-4600 |
| | Facsimile: (404) 872-4457 |
| 17 | *Attorneys for Defendant* |
| 18 | [Additional counsel on signature page] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIA LICENSING CORPORATION, | Case No. 3:17-cv-03485-RS |
| Plaintiff, | **STIPULATION AND [PROPOSED]** |
| v. | **ORDER RE: PRODUCTION OF DOCUMENTS AND** |
| HAIER AMERICA TRADING, LLC, | **ELECTRONICALLY STORED INFORMATION** |
| Defendant. | |

Upon the stipulation of the parties, the Court ORDERS as follows:

I. **PURPOSE**

1. This Stipulation and Order Regarding Production of Documents and Electronically Stored Information (the "ESI Protocol") will govern the production of documents and electronically stored information ("ESI") by the parties in the above-captioned action as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

II. **MODIFICATION**

2. This ESI Protocol may be modified in the Court's discretion or by stipulation.

III. **PRODUCTION OF DOCUMENTS ORIGINATING AS PAPER**

3. The following specifications govern the production of documents originating as paper:

4. **TIFFs.** Documents should be produced as single-page, black and white, group IV TIFFs imaged at 300 dpi. Bates numbers, confidentiality designations (in accordance with the protective order governing the case), and redactions (to the extent they are necessary) should be burned into the image. TIFF image files should be provided in an "Images" folder.

5. **Unitizing Documents.** In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). As an example, the documents contained in a binder should be produced in the same order in which they appear in the binder. The parties will undertake reasonable efforts to have their vendors logically unitize documents correctly, maintain parent-child relationships, and will commit to address situations of improperly unitized documents.

6. **OCR.** The producing party shall use optical character recognition ("OCR") to digitize the text of documents originating as paper. Text shall be provided on a document-level in an appropriately formatted text file (.txt) that is named to match the first Bates number of the document. Text files should be provided in a "Text" folder. To the extent that a

document is redacted, the text files should not contain the text of the redacted portions.

7. **Unique IDs.** Each TIFF image should have a unique filename, which corresponds to the Bates number of that page. The filename should not contain any blank spaces and should be zero-padded (*e.g.*, ABC-000001), taking into consideration the estimated number of pages to be produced. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

8. **Data Load Files.** Documents should be provided with an Opticon Cross-Reference File and Concordance data load file using standard Concordance delimiters:

    a. <u>Field Separator</u>: ASCII character 20 ("¶");

    b. <u>Quote</u>: ASCII character 254 ("þ"); and

    c. <u>New Line</u>: ASCII character 174 ("®").

Concordance-compatible image and data load files should be provided in a "Data" folder.

9. **Metadata.** Appendix 1 sets forth the minimum metadata fields that must be produced to the extent that metadata exists for a particular document. To the extent that such metadata does not exist, is not reasonably accessible or available, or would be unduly burdensome to collect, nothing in this ESI Protocol shall require any party to extract, capture, collect, or produce such data.

**IV. PRODUCTION OF EMAIL AND ESI**

10. **TIFFs.** Documents should be produced as single-page, black and white, group IV TIFFs imaged at 300 dpi. The document's original orientation should be maintained (*i.e.*, portrait to portrait and landscape to landscape). Bates numbers, confidentiality designations (in accordance with the protective order governing the above-captioned action), and redactions (to the extent they are necessary) should be burned into the image. TIFF image files should be provided in an "Images" folder.

11. **Extracted Text Files.** For each electronic document, a text file (not OCR text) should be provided along with the TIFF. The full text of native files should be extracted directly from the native file and should be delivered in an appropriately formatted text file (.txt)

that is named to match the first Bates number of the document. Text files should be provided in a "Text" folder. To the extent that a document is redacted, the text files should not contain the text of the redacted portions.

12. **Unique IDs**. Each image should have a unique filename, which corresponds to the Bates number of that page. The filename should not contain any blank spaces and should be zero-padded (*e.g.*, ABC-000001), taking into consideration the estimated number of pages to be produced. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

13. **Parent-Child Relationships.** The relationship between attachments, enclosures, embedded files, and/or exhibits to any parent document shall be preserved. The child-document(s) should be consecutively produced immediately after the parent-document, except attachments withheld on privilege grounds, which will be indicated on the associated privilege log and the withheld attachment will be replaced with a slip sheet stating "Document withheld for privilege."

14. **Native Format.** The processed native for all spreadsheets (*i.e.*, MS Excel, .CSV, or similar) and electronic information containing audio or visual components should be produced and linked to the database by the above metadata field "Path to Native File." The requesting party may ask for certain other documents and/or databases initially produced in their petrified (TIFF or PDF) format to be produced in their native format in the event that the petrified format is not reasonably usable, and the parties will meet and confer in good faith regarding the form of production of that information. The requesting party shall identify the documents by their Bates numbers and the documents should be produced in their unaltered native format, subject to any meet and confer discussions conducted by the parties.

15. To the extent that a native spreadsheet must be redacted, the producing party may redact either the native file or produce TIFF images with burned in redactions in lieu of a Native File and TIFF placeholder image. If redacting TIFF images, the producing party should make reasonable efforts to ensure that it, or its ediscovery vendor, (1) reveals hidden cells prior to converting the document to TIFF; (2) clears any filters that may conceal information;

(3) adjusts column widths so that numbers do not appear as "########"; (4) ensures that column and row headings print; and (5) ensures that the tab name appears in the header or footer of the document.

16. **Request for Native Files.** Other than as specifically set forth above, a producing party need not produce documents in native format. If good cause exists for the receiving party to request production of certain documents in native format, the receiving party may request production in native format by providing (1) a list of the Bates numbers of documents it requests to be produced in native format; and (2) an explanation of the need for reviewing such documents in native format. The producing party shall not unreasonably deny such requests, but will meet and confer in good faith with the requesting party concerning the format of production. Each document produced in response to such requests shall be produced with a "Link to Native Path" entry in the data load file indicating the relative file path to each Native File on the production media, and all extracted text and applicable metadata fields set forth in paragraph 21, subject to any meet and confer discussions conducted by the parties.

17. **Track Changes and Comments.** To the extent that a document contains tracked changes or comments, those tracked changes and comments should be preserved when images of the document are created.

18. **Password Protected Files.** The producing party shall produce passwords for any non-privileged password-protected files to the extent the passwords are reasonably available.

19. **System Files.** Common system and program files as defined by the NIST library (which is commonly used by-discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed, or produced.

20. **Data Load Files.** Documents should be provided with an Opticon Cross-Reference File and Concordance data load file using standard Concordance delimiters:

    a.    Field Separator: ASCII character 20 ("¶");

    b.    Quote: ASCII character 254 ("þ"); and

    c.    New Line: ASCII character 174 ("®").

-4-

Concordance-compatible image and data load files should be provided in a "Data" folder. Parties have the option to exchange sample load files. If this exchange occurs, the receiving party will have 14 days to respond with load file change requests. Nothing in this ESI Protocol will limit the parties from discussing load file changes throughout the course of the litigation.

21. **Metadata.** Appendix 1 sets forth the minimum metadata fields that must be produced to the extent that metadata exists for a particular document. To the extent that such metadata does not exist, is not reasonably accessible or available, or would be unduly burdensome to collect, nothing in this ESI Protocol shall require any party to extract, capture, collect or produce such data. The parties are not obligated to populate manually any metadata fields.

22. **Deduplication.** Documents may be globally de-duplicated at the family-group level.

## V. PRODUCTION OF DATABASES AND OTHER STRUCTURED DATA

23. If a database or other source of structured data contains responsive information, the parties should meet and confer to determine a mutually agreeable format for producing the database or other structured data or an appropriate alternative means for producing information sought from the structured data.

## VI. PRODUCTION OF AUDIO AND VIDEO RECORDINGS

24. If audio and/or video recordings are responsive, the parties should meet and confer to determine a mutually agreeable format for producing the audio and/or video recording.

## VII. PROCESSING OF THIRD-PARTY DOCUMENTS

25. A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this ESI Protocol with the subpoena and request that the non-party produce documents in accordance with the specifications set forth herein.

26. The Issuing Party may request that the non-party simultaneously produce documents to the Issuing Party and all other parties. If the non-party produces documents only

to the Issuing Party, to the extent practical given the data volume, productions by a non-party should be produced by the Issuing Party to all other parties within seven days of the non-party's production to the Issuing Party.

27. Nothing in this ESI Protocol is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or non-parties to object to a subpoena.

## VIII. DOCUMENTS PROTECTED FROM DISCOVERY

28. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

29. Communications subject to a claim of privilege that post-date the filing of the complaint need not be placed on a privilege log.

30. The parties shall meet and confer regarding the scope and timing for identifying documents or other information withheld from production on the basis of the attorney-client privilege or any other applicable privilege or protection from disclosure.

## IX. MISCELLANEOUS PROVISIONS

31. The following specifications govern the production of all documents regardless of source, unless otherwise noted in this ESI Protocol:

32. **Custodian or Originating Source.** The custodian or originating source shall be identified in the Custodian field of the database load files. Documents found in the possession of a natural person (or on a natural person's hardware or storage media) should be produced in such fashion as to identify the natural person. Documents found in the possession of a department, group, entity, or other common facility (*e.g.*, office, file room, archive, network storage, file share, back-up, hard drive, etc.) should be produced in such a fashion as to identify the department, group, entity, or facility. A producing party shall use a uniform description of a

particular custodian across productions.

33. **Color.** Documents containing color need not be produced in color in the first instance. However, if good cause exists for the receiving party to request production of certain documents in color, the receiving party may request production of such documents in color by providing (1) a list of the Bates numbers of documents it requests to be produced in color format; and (2) an explanation of the need for production in color format. The producing party shall not unreasonably deny such requests, but will meet and confer in good faith with the requesting party concerning the format of production.

34. **Foreign Language.** Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language.

35. **Production Media.** The preferred means of producing documents is via secure FTP or a secure file sharing site. However, documents may also be produced via CD, DVD, thumb drive, or hard drive if the size of the production exceeds the size limitations applicable to the producing party's secure FTP or file sharing site.

36. **Encrypted Data.** To the extent data is encrypted before it is produced, the producing party shall contemporaneously transmit the credentials necessary to decrypt the data.

37. **Non-Waiver.** Nothing in this ESI Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents.

38. **Protective Order.** All productions are subject to the Stipulated Protective Order entered by the Court in this Action.

## X. MEET AND CONFER

39. **Good Faith Resolution of Disputes**. The parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this ESI

Protocol. If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this ESI Protocol or if compliance with such material aspect would be unreasonable, such party shall inform the requesting party in writing a reasonable time before the date of production as to why compliance with the ESI Protocol is impossible or unreasonable. No party may seek relief from the Court concerning compliance with the ESI Protocol unless it has conferred in good faith with the affected parties.

40. The parties agree that in responding to an initial Federal Rule of Civil Procedure 34 request that may require the production of ESI, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**IT IS SO STIPULATED**, through Counsel of Record.

_____  
Laura Kabler Oswell (SBN 241281)  
SULLIVAN & CROMWELL LLP  
1870 Embarcadero Road  
Palo Alto, CA 94303  
Telephone: (650) 461-5600  
Facsimile: (650) 461-5700  

Garrard R. Beeney (*pro hac vice*)  
SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, New York 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588  

Antonia Stamenova-Dancheva (SBN 268292)  
SULLIVAN & CROMWELL LLP  
1888 Century Park East, Suite 2100  
Los Angeles, California 90067  
Telephone: (310) 712-6600  
Facsimile: (310) 712-8800  

*Attorneys for Plaintiff*

_____  
Jon L. Rewinski (SBN 116124)  
Jamie M. Cheng (SBN 298750)  
LOCKE LORD LLP  
300 South Grand Avenue, Suite 2600  
Los Angeles, CA 90071  
Telephone: (213) 485-1500  
Facsimile: (213) 485-1200  

Bryan Harrison (*pro hac vice*)  
LOCKE LORD LLP  
Terminus 200, Suite 1200  
3333 Piedmont Road, N.E.  
Atlanta, Georgia 30305  
Telephone: (404) 870-4600  
Facsimile: (404) 872-4457  

*Attorneys for Defendant*

I, Laura Kabler Oswell, am the ECF user whose ID and password are being used to file this Stipulated Protective Order. In compliance with General Order No. 45, X.B., I hereby attest that Jon L. Rewinski has concurred in this filing.

_____
Laura Kabler Oswell

\* \* \*

**IT IS ORDERED** that the forgoing Agreement is **APPROVED**.

Dated: 2/20/18  _____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

# Appendix 1

# ESI Metadata and Coding Fields

| Field | Description |
|---|---|
| BegBates | Beginning Bates number of the document. |
| EndBates | Ending Bates number of the document. |
| BegAttach | Beginning Bates number of the attached documents. |
| EndAttach | Ending Bates number of the attached documents. |
| Page Count | Total number of pages in the document. |
| Attachment Count | Number of attachments. |
| Custodian | Natural person, group, department, entity, etc. in whose possession the document was found. |
| Paper | "Yes" to indicate that this document originated as paper. Otherwise, this field should be null. |
| NativeLink | Relative file path to each native document in the production. |
| Hash Value | MD5 or SHA-1 Hash value, unique document identifier. |
| Confidential | "Confidential" to indicate that the document has been designated Confidential. "Highly Confidential" to indicate that the document has been designated Highly Confidential. Otherwise, this field should be null. |
| Author | Author field extracted from the metadata of the native file. |
| From | Email sender. |
| To | Person to whom an email is addressed. |
| CC | Recipient(s) of "carbon copies" of the email message. |
| BCC | Recipient(s) of "blind carbon copies" of the email message. |
| Subject | Subject field extracted from the metadata of the native file. |
| Sent Date | Date the email message was sent (produced in "MM/DD/YYYY" format). |
| Sent Time | Time the email message was sent (produced in "HH:MM" military time format) normalized to Pacific Standard Time. |
| Has Attachments | Indicates that an email has attachments. |
| File Extension | File extension of document (.msg, .doc, .xls, etc.). |
| File Name | Name of original file. |
| Date Modified | For non-emails (produced in "MM/DD/YYYY" format). |
| Date Created | For non-emails (produced in "MM/DD/YYYY" format). |